1
2
3
4
5    UNITED STATES DISTRICT COURT FOR THE
6    CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| 7  HILDA L. SOLIS, Secretary of Labor, <br> 8  United States Department of Labor, <br> 9       Plaintiff, <br>10      vs. <br>11 <br>12 TOMCO AUTO PRODUCTS, INC., a corporation; RICHARD ALAN <br>13 SCHOENFELD, an individual; TOMCO AUTO PRODUCTS, INC. EMPLOYEE <br>14 STOCK OWNERSHIP PLAN, an employee pension benefit plan, <br>15 <br>16      Defendants. <br>17 In Re: <br>18 <br>19 RICHARD ALAN SCHOENFELD, <br>20      Debtor, <br>21 ─────────────────────── <br>22 HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br>23 <br>24      Plaintiff, <br>25      vs. <br>26 RICHARD ALAN SCHOENFELD, <br>27      Defendant. | Case No.  12-cv-00618 SJO (AGR) <br> Case No.  12-cv-02220 SJO <br><br> **JUDGMENT** <br><br> USBC Central District of California – Los Angeles <br><br> 2:11-bk-14816 WB <br><br> Adversary Case No: 2:12-ap-1051 WB <br><br><br><br><br> # JS-6 |

28

The Secretary's Motion for Summary Judgment and Motion for Default Judgment having been considered and granted, the Secretary is entitled to judgment granting relief for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 to 1191c, and granting relief from dischargeability of $69,000 in debt that Defendant Schoenfeld owes to the Tomco Auto Products, Inc. Employee Stock Ownership Plan ("the Plan") under 11 U.S.C. § 523(a)(4).

It is ORDERED, ADJUDGED, AND DECREED that:

**1.** Defendant Tomco Auto Products, Inc. ("Tomco") and Defendant Richard Alan Schoenfeld ("Schoenfeld") are permanently enjoined from violating the provisions of Title I of ERISA;

**2.** Upon the appointment of an Independent Fiduciary as set forth below, Defendant Schoenfeld shall be permanently enjoined and restrained from serving as a fiduciary to any ERISA-covered employee benefit plan in the future;

**3.** Defendants Tomco and Schoenfeld are permanently enjoined from causing any assets to be removed from any account held in the name of the Plan.

**4.** An Independent Fiduciary will be appointed by this Court to manage and administer the Plan in accordance with ERISA for the benefit of the Plan's participants and beneficiaries.  The Secretary shall have thirty days after the issuance of this Judgment to provide the Court with a motion seeking such appointment.  On the date that this Court appoints the Independent Fiduciary, Defendants Tomco and Schoenfeld shall be required to pay all reasonable fees and expenses necessary for the Independent Fiduciary to fulfill his or her obligations as set forth in this Judgment.

**5.** Once appointed, the Independent Fiduciary shall have the following powers, duties and responsibilities:

a. The Independent Fiduciary shall have full fiduciary authority and shall have all the powers, rights, discretion, and duties of a trustee, fiduciary, and Plan Administrator under ERISA;

b. The Independent Fiduciary's responsibilities shall include, but shall not be limited to, establishment or continuation of trust accounts for the benefit of the Plans' participants and beneficiaries, communication with participants regarding their account disbursement options, collection of any necessary information from those persons or entities in custody of such information including bankruptcy trustees, and calculation of the participants' and beneficiaries' account balances;

c. The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage the Plan's assets for the benefit of the eligible participants and beneficiaries who are entitled to receive such assets, until such time that the Plan's assets are distributed to those participants and beneficiaries;

d. The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant or beneficiary who is eligible to receive a distribution under the terms of the Plan. Further, the Independent Fiduciary shall make distributions to each eligible participant and beneficiary of the Plan.

e. The Independent Fiduciary shall have full access to all data, information and calculations in the Plans' possession or under its control, including information and records maintained by the Plan's custodial trustees, service providers, and Defendants Tomco and Schoenfeld; and

f. As soon as administratively practicable after appointment, the Independent Fiduciary shall provide for the orderly termination and liquidation of the Plan, including making all distributions and/or rollovers to the participants and beneficiaries.

**6.** Within fifteen days of the appointment of the Independent Fiduciary, Defendants Tomco and Schoenfeld shall be jointly and severally liable for providing the Independent Fiduciary $69,511.36 in Plan losses caused by their fiduciary breaches of ERISA.  Postjudgment interest at the rate set forth in 28 U.S.C. § 1961 shall continue to accrue on this debt to the Plan until the entire amount due has been repaid.

**7.** Defendant Schoenfeld's $69,000 debt to the Plan is non-dischargeable under 11 U.S.C. § 523(a)(4).

**8.** This Judgment does not in any manner affect the right of the United States Department of Labor under 29 U.S.C. § 502(l) to "assess a civil penalty against such fiduciaries or other persons in an amount equal to 20 percent of the applicable recovery amount."

This Court shall retain jurisdiction for purposes of enforcing compliance with the terms of this Judgment.

January 31, 2013
DATED: _____

*S. James Otero*

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE