| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 12-00618 SJO (AGRx)  **DATE:** November 6, 2015
          CV 12-02220 SJO

**TITLE:**   Hilda L. Solis v. Tomco Auto Products Inc., et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                      Not Present
Courtroom Clerk                                       Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                           Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER ENTERING JUDGMENT AS TO THE PLAINTIFF SECRETARY OF LABOR**

This matter is before the Court after remand from the Ninth Circuit Court of Appeals. This Court previously entered summary judgment in favor of the Secretary of Labor in 2013. On March 2, 2015, the Ninth Circuit reversed this Court's summary judgment order in part and remanded for further proceedings. However, the Ninth Circuit decision did not alter the Court's summary judgment order as it pertains to the fiduciary breaches of ERISA committed by Defendants Tomco Auto Products, Inc. and Richard Schoenfeld. Accordingly, the Court **ENTERS JUDGMENT** in favor of the Plaintiff Secretary of Labor.

I.     FACTUAL AND PROCEDURAL BACKGROUND

    A.    Judgment

On January 31, 2013, the Court entered a judgment ("First Judgment") against Defendants Richard Schoenfeld and Tomco Auto Products, Inc. ("Tomco") in the underlying civil action, which Plaintiff brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1191c. Schoenfeld was a trustee and fiduciary of Tomco's Employee Stock Ownership Plan (the "Plan"). The First Judgment provided that "Defendants Tomco and Schoenfeld shall be jointly and severally liable for providing the Independent Fiduciary $69,511.36 in Plan losses caused by their fiduciary breaches of ERISA. Postjudgment interest at the rate set forth in 28 U.S.C. § 1961 shall continue to accrue on this debt to the Plan until the entire amount due has been repaid." (Judgment, ¶ 6, ECF No. 171.)

    B.    Appeal to the Ninth Circuit

Schoenfeld, but not Tomco, subsequently filed an appeal to the Ninth Circuit Court of Appeals. On March 2, 2015, the Ninth Circuit reversed this Court's summary judgment order, holding that during the pendency of the appeal, Supreme Court precedent had reinterpreted 11 U.S.C. §

CASE NO.:  CV 12-00618 SJO (AGRx)          DATE: **November 6, 2015**
           CV 12-02220 SJO

523(a)(4).  *See Perez v. TOMCO Auto Products, Inc.*, 594 F. App'x 930 (9th Cir. 2015).  Although this Court had found that Schoenfeld's debt was non-dischargeable because he had committed defalcation under 11 U.S.C. § 523(a)(4), the Supreme Court subsequently held that "defalcation" requires showing that a debtor acted with a culpable state of mind.  *See Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1759 (2013).  The Ninth Circuit's decision did not alter the First Judgment against Tomco nor did it reverse this Court's summary judgment order as it pertained to the fiduciary breaches of ERISA committed by Tomco and Schoenfeld.

    C.    Monetary Judgment

On August 31, 2015, Schoenfeld filed a Motion seeking authority for the Receiver appointed by this Court to utilize a refund of $ 107,789.03 due to Tomco.  (*See generally* Mot. for Disbursement of Funds, ECF No. 188.)  This Court granted the Motion for Disbursement of Funds on September 28, 2015.  That payment satisfies the monetary relief awarded in the First Judgment:  "Within fifteen days of the appointment of the Independent Fiduciary, Defendants Tomco and Schoenfeld shall be jointly and severally liable for providing the Independent Fiduciary $ 69,511.36 in Plan losses caused by their fiduciary breaches of ERISA. Post judgment interest at the rate set forth in 28 U.S.C. § 1961 shall continue to accrue on this debt to the Plan until the entire amount due has been repaid." (*See generally* First Judgment.)

II.    DISCUSSION

The Secretary argues that after remand from the Ninth Circuit, this Court's 2013 summary judgment order remains binding on all issues, except for those subject to the appeal to the Ninth Circuit. (Joint Status Report, 2-3, ECF No. 194.)  The Secretary thus requests that this Court: (1) prevent relitigation of issues already decided, and (2) re-issue the injunction against Tomco and Schoenfeld that this Court originally issued in 2013. (Joint Status Report, 2-4.)  Schoenfeld does not directly respond to the Secretary's contentions.  Instead, he quotes the Ninth Circuit decision, which states that: "we do not need to reach any other issues Schoenfeld raises on appeal."  (Joint Status Report, 2-4.)  He implies that because he did not necessarily have a culpable state of mind, this Court should not re-issue the injunction preventing him from pursuing a future position as a trustee in an ERISA plan.  He also contends that, because he paid monetary relief pursuant to the Court's First Judgment, the injunctive relief is moot.  (Joint Status Report, 6.)

As a threshold matter, the Court considers whether the Ninth Circuit decision reverses any other part of this Court's summary judgment order, outside of the holding that Schoenfeld's debt to the ERISA plan was not dischargeable under the Bankruptcy Code.  After reviewing the decision, the Court holds that the Ninth Circuit did not disturb any of this Court's other conclusions. Accordingly, the law of the case doctrine precludes Schoenfeld from relitigating all other previously decided issues. *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Under the 'law of the case' doctrine,

CASE NO.: CV 12-00618 SJO (AGRx)            DATE: November 6, 2015
         CV 12-02220 SJO

'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'").

The Court next determines whether the First Judgment needs to be altered in light of the Ninth Circuit's decision. The Ninth Circuit decision reversed a small part of this court's summary judgment order because of an intervening Supreme Court decision. This intervening decision had to do with the Bankruptcy Code, not the ERISA violations committed by Tomco and Schoenfeld. ERISA continues to permit injunctive relief for violations of the statute, and the Ninth Circuit did not disturb this aspect of the Court's summary judgment order. *See* 29 U.S.C. Section 1132(a)(3). The Court thus reissues the relief from the First Judgment.

II.     RULING

The Secretary is entitled to judgment granting relief for violations of the ERISA, as amended, 29 U.S.C. §§ 1001 to 1191c. The Court enters judgment as follows:

1.  The Court's previous order, ECF No. 184, removing Defendant Tomco Auto Products, Inc. ("Tomco") and Defendant Richard Alan Schoenfeld ("Schoenfeld") as fiduciaries to the Tomco Auto Products, Inc. Employee Stock Ownership Plan ("the Plan") and appointing Maribel Larios as the Plan's Independent Fiduciary is incorporated herein and remains in effect.

2.  Defendants Schoenfeld and Tomco are jointly and severally liable for causing $69,000 in Plan losses because of their fiduciary breaches of ERISA. These losses have been satisfied through the Court's Order at ECF No. 192 permitting the Independent Fiduciary to use the funds from a Tomco insurance refund check to reimburse the Plan.

3.  Defendant Tomco shall provide the Plan's Independent Fiduciary post judgement interest at the rate set forth in 28 U.S.C. § 1961 from January 31, 2013 to September 29, 2015.

4.  Defendants Tomco and Schoenfeld are permanently enjoined from violating the provisions of Title I of ERISA.

5.  Defendant Schoenfeld shall be permanently enjoined and restrained from serving as a fiduciary to any ERISA-covered employee benefit plan in the future.

6.  This Order does not in any manner affect the right of the United States Department of Labor under 29 U.S.C. § 502(l) to "assess a civil penalty against such fiduciaries or other persons [i.e., Defendant Tomco] in an amount equal to 20 percent of the applicable recovery amount."